**Outten & Golden LLP**
Adam T. Klein (AK 3293)
Jack A. Raisner (JR 6171)
Mark R. Humowiecki (MH 4368)
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  212-245-1000

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____

JOSEPH DORFMAN, MARYANN BARONE,
CHRISTINE ABATE, SHERRI KURIMSKI,        **SECOND AMENDED**
STEVE GAZER, and RACHEL RIVERA,           **CLASS ACTION COMPLAINT**
individually, and on behalf of all others similarly
situated as class representatives,

                       Plaintiffs,        **JURY TRIAL REQUESTED**

          -against-                 06 CV 703 (FB)(JMA)

UNITED PARCEL SERVICE, INC.,

                     Defendant.
_____

      Plaintiffs Joseph Dorfman, Maryann Barone, Christine Abate, Sherri Kurimski, Steve Gazer, and Rachel Rivera, individually and on behalf of all others similarly situated and as class representatives, by their attorneys Outten & Golden LLP, upon personal knowledge as to themselves and upon information and belief as to other matters allege as follows:

**PRELIMINARY STATEMENT**

      1.     Plaintiffs bring this action for unpaid wages on behalf of themselves and all other similarly situated current and former employees in positions, including, but not limited to: supervisors, part-time supervisors, specialists and part-time specialists who United Parcel Service (UPS) misclassified as salaried employees exempt from the overtime requirements of

- 1 -

the Fair Labor Standards Act (FLSA) (hereinafter collectively referred to as "supervisors/specialists").

2. Plaintiffs bring this action on behalf of themselves and all other current and former employees who are similarly situated pursuant to the FLSA. For at least three years prior to the filing of the Complaint, Defendant has willfully committed widespread violations of the FLSA by misclassifying employees in supervisor/specialist positions as exempt and failing to pay such employees for overtime hours worked in excess of forty hours per week at a rate of one-and–one-half times their regular rate of pay.

3. Plaintiffs Dorfman, Barone, Abate, Gazer, and Rivera ("New York Plaintiffs") also bring this action on behalf of themselves and all other similarly situated current or former misclassified supervisor/specialist employees of UPS in the State of New York, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of New York Labor Law ("NYLL") Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations ("the Rule 23 Class").

4. Defendant has willfully engaged in a pattern, practice, and policy of unlawful conduct by failing to pay the premium overtime rate for hours worked beyond 40 per week to employees in the United States and in the State of New York, in violation of its employees' rights under NYLL and the FLSA.

**THE PARTIES**

5. Representative Plaintiff Joseph Dorfman is a resident of the town of Amenia, in the County of Dutchess, in the State of New York. Mr. Dorfman has been employed by UPS since 2000. Mr. Dorfman worked in the Human Resources department as an exempt salaried health and safety supervisor at the UPS Maspeth, New York facility until taking leave in

November 2005.  Before he assumed his position, it was held by an hourly non-exempt employee.  Since taking leave, his position has been filled by a specialist, upon information and belief.  Throughout his employment with UPS, Mr. Dorfman performed routine clerical duties that are properly classified as non-exempt.  Mr. Dorfman worked between 50 and 55 hours each regular week but frequently worked up to 60 or more hours per week during peak or audit periods.  He often worked more than ten hours per day.

6.      Representative Plaintiff Maryann Barone is a resident of West Babylon, in the County of Suffolk, in the State of New York.  Ms. Barone was employed by UPS from 2000 until December 31, 2005.  Ms. Barone worked as a salaried occupational health supervisor in the UPS Human Resources departments at facilities in New York, Connecticut and New Jersey performing routine clerical duties assigned to non-exempt hourly employees including specialists.  She worked up to 80 hours per week.  She often worked more than ten hours per day.

7.      Representative Plaintiff Christine Abate is a resident of Port Jefferson, in the County of Suffolk, in the State of New York.  Ms. Abate was employed by UPS from approximately October 2000 until May 2003.  Ms. Abate worked as a salaried part-time Operations Management Specialist in the UPS facilities in Farmingville, New York performing routine customer service including communicating messages from customers to drivers, locating packages, and doing miscellaneous office tasks.  She often worked more than 40 hours per week.

8.      Plaintiff Sherri Kurimski is a resident of Carlsbad, New Mexico.  Ms. Kurimski has been employed by UPS since approximately August 1999.  She was hired as a salaried part-time Operations Management Specialist in the UPS facilities in Carlsbad, New Mexico.  Throughout her employment, Ms. Kurimski's work has consisted of routine secretarial tasks including clerical and data entry work as well as answering phones and communicating

messages from customers to drivers. Without changing her job title or duties, UPS began paying her as an hourly non-exempt employee on or around August 1, 2004.   Until August 2004, Ms. Kurimski regularly worked more than 40 hours per week, at times up to 80 hours per week without additional compensation.

9.  Representative Plaintiff Steve Gazer is a resident of Greenpoint, in the County of Kings, in the State of New York.  He has been employed at UPS at its Maspeth, New York facility since 1998 through the present.  He began work in 1998 as a part-time loader.  After six months, he became a part-time supervisor.   In June 2000, he became a full-time Control Room Specialist.  As a specialist, Gazer's activities included monitoring and controlling the conveyor belts from a room in the hub.  He was not responsible for the hiring or firing of hourly employees.  Without changing his job title or duties, UPS began paying him as an hourly non–exempt employee on or around August 1, 2004.   Mr. Gazer regularly worked more than 40 hours per week without additional compensation.

10.  Representative Plaintiff Rachel Rivera is a resident of Bronx County in the State of New York.  She was employed at the UPS Metro New York facility in Manhattan from 1986 until February 2006.  In 1999, she became a full-time Operations Management Specialist.  As a specialist she performed routine secretarial tasks including clerical and data entry work as well as answering phones and communicating messages from customers to drivers. Without changing her job title or duties, UPS began paying her as an hourly non–exempt employee on or around August 1, 2004.   Ms. Rivera regularly worked more than 40 hours per week without additional compensation.

11.  Upon information and belief, Defendant United Parcel Service is a Delaware corporation whose principal offices are located at 55 Glenlake Parkway, NE, Atlanta,

Georgia 30328.

12. Defendant UPS bills itself as the world's largest package delivery company. It is a $36 billion corporation that conducts business in more than 200 countries. Upon information and belief, UPS is a domestic corporation doing business within the City of New York. It owns and operates facilities throughout the United States, including ones in New York City and Long Island where Plaintiffs Dorfman, Barone, Abate, Gazer, and Rivera worked.

13. UPS maintains control, oversight, and direction over the operation of its facilities, including their employment practices and engaged the employment of hourly employees including Plaintiffs and members of the prospective Rule 23 Class and FLSA Collective to perform work in the State of New York, and is a covered employer within the meaning of the FLSA and NYLL.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1332 and 1367. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal statute, 29 U.S.C. § 216 (b).

15. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

16. Upon information and belief, the amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interests and costs.

17. Upon information and belief, at least one member of the Rule 23 Class is a citizen of a state different than that of Defendant.

18. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C.

§ 1391.

19. UPS resides in the Eastern District of New York.

20. UPS is subject to personal jurisdiction in the State of New York for the purpose of this lawsuit.

## COLLECTIVE ACTION ALLEGATIONS

21. Plaintiffs bring FLSA claims on behalf of all persons who worked for Defendant as supervisors/specialists who were not paid the premium time-and-a-half rate for all hours worked beyond forty per week at any time from three years prior to the filing of the Complaint to entry of judgment in this case ("FLSA Collective").

22. Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective, and as such, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of UPS who have been denied the overtime premium in violation of the FLSA who would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## CLASS ALLEGATIONS

23. New York Plaintiffs bring NYLL claims on their own behalf and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Rule 23 Class is defined as all employees of UPS in New York State who were or will be employed as supervisors/specialists who were not paid for all hours worked at any time from six years prior to the filing of the Complaint to entry of judgment in this case (the "Rule 23 Class" and "Class

Period," respectively).

24.     Excluded from the Rule 23 Class are UPS' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Rule 23 Class period has had, a controlling interest in UPS; the Judge to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

25. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendant. There are questions of law and fact common to the Rule 23 Class that predominate over any questions affecting only individual members.  The claims of the representative parties are typical of the claims of the Rule 23 Class.  The representative parties will fairly and adequately protect the interests of the Rule 23 Class.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate Defendant like UPS.  The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

26.     There are questions of law and fact common to this Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

(a)     whether the Defendant employed and/or jointly employed the New York Plaintiffs

and the Rule 23 Class within the meaning of the New York Labor Law;

(b) what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

(c) whether the New York Plaintiffs and the Rule 23 Class were misclassified as exempt from the overtime provisions of the FLSA and the NYLL; and

(d) whether Defendant failed and/or refused to pay the New York Plaintiffs and the Rule 23 Class premium pay for hours worked in excess of forty per workweek and more than ten hours a day within the meaning of the New York Labor Law within the meaning of the New York Labor Law Article 6 §§ 190 et seq., and Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

## **FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**

27. When Plaintiffs, the Rule 23 Class, and the FLSA Collective accepted employment with UPS, they were hired to work 40 hours per week at a fixed weekly salary. Although supervisors received UPS stock in addition to their salary while specialists did not, both supervisors and specialist are often cross-trained and perform the same jobs and duties, making them essentially interchangeable. Their job functions were and are non-exempt in nature.

28. UPS suffered and permitted Plaintiffs, the Rule 23 Class, and the FLSA Collective to work more than 40 hours in a week.  UPS did not pay Plaintiffs, the Rule 23 Class, and the FLSA Collective for all of these overtime hours, which should have been paid at a rate of one-and-a-half times the regular rate of pay.

29. Upon information and belief, in or about August 2004 through January 2005, UPS reclassified its part-time supervisors and its full- and part-time specialists as non-exempt, without changing their job duties or functions.  It has begun paying them for their hours

worked over 40 per week at the time-and-a-half rate, but has not paid them for the overtime worked during the period beginning six years prior to the filing of this suit until their reclassification. UPS has not reclassified its full-time supervisors nor paid them for the overtime worked during the six-year period prior to the filing of this suit.

**Widespread, Consistent, and Willful Nature of Violations**

30. UPS' unlawful conduct has been widespread, repeated and consistent.

31. UPS national corporate management knew that UPS' salaried full- and part-time supervisors and specialists, including Plaintiffs and the Rule 23 Class and the FLSA Collective, performed work that required overtime pay at the time-and-a-half rate. UPS has operated a scheme to deprive these employees of premium overtime by deliberately misclassifying them as exempt and continuing to classify full-time supervisors as exempt.

32. UPS' conduct, as set forth above, has been willful and in bad faith, and has caused significant damages to the Plaintiffs and members of the Rule 23 Class and the FLSA Collective.

**FIRST CLAIM FOR RELIEF**
**(Fair Labor Standards Act)**
**(On behalf of the FLSA Collective)**

33. For Paragraphs 33 through 39, "Plaintiffs" refers to Named Plaintiffs and any FLSA Collective members who file individual consents to sue in this action. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

34. Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiffs' written consents are attached hereto.

35. Because Defendant willfully violated the FLSA by misclassifying Plaintiffs as exempt employees, a three-year statute of limitations applies to such violations,

pursuant to 29 U.S.C. § 255.

36. UPS has willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by misclassifying supervisors/specialists as "exempt" employees, thereby failing and refusing to properly pay Plaintiffs overtime compensation in accordance with § 206 and § 207 of the FLSA.

37. As a result of Defendant's violations of the FLSA, Plaintiffs have suffered damages in the form of unpaid overtime compensation.

38. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs.

39. As a result of Defendant's unlawful acts Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**(New York State Labor Law)**
**(On behalf of the Rule 23 Class)**

40. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

41. At all times relevant to this action, New York Plaintiffs and the Rule 23 Class were employed by Defendant within the meaning of the New York Labor Law §§ 190, 651(5).

42. By the above course of conduct, Defendant has violated the New York Labor Law Article 6 §§ 190 et seq., and Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142, as alleged herein.

43. Defendant has violated the New York Labor Law willfully.

44. Defendant's New York Labor Law violations have caused New York Plaintiffs and the Rule 23 Class irreparable harm for which there is no adequate remedy at law.

45. Due to Defendant's New York State Department of Labor Law violations, New York Plaintiffs and the Rule 23 Class are entitled to recover from Defendant their unpaid regular wages, unpaid overtime wages, reasonable attorney' fees, and costs of the action, pursuant to N.Y. Labor Law §§ 198, 663(1).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the named Plaintiffs, individually and on behalf of the FLSA Collective and the Rule 23 Class, pray for the following relief:

A. That, at the earliest possible time, the Plaintiffs be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by the Defendant UPS as a supervisor or specialist or functional equivalent and been paid as an exempt salaried employee. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were misclassified as an exempt employee.

B. Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D. Designation of the New York Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

E. Unpaid regular wages, spread-of-hours premiums, and overtime wages pursuant to N.Y. Lab. Law Art. 6, §§ 190 et seq., Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations, plus pre-judgment interest;

F. Issuance of a declaratory judgment that the practices complained of in this Amended Complaint are unlawful under New York Labor Law, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

G An injunction requiring defendants to pay all statutorily-required wages pursuant to the New York Labor Law;

H. Attorneys' fees and costs of the action; and

I. Such other relief as this Court shall deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Amended Complaint.

Dated: April 18, 2007

          Respectfully submitted,

      By: _/s/ Jack. A. Raisner_____
          Jack A. Raisner (JR 6171)

          Adam T. Klein (AK 3293)
          Mark R. Humowiecki (MH 4368)
          **Outten & Golden LLP**
          3 Park Avenue, 29th Floor
          New York, New York 10016
          Telephone: 212-245-1000

          Attorneys for the Plaintiffs
          and the Plaintiff Class